IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALANA BRACE                                                                                           PLAINTIFF

v.                                                    CIVIL NO. 21-5149

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Alana Brace, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on June 14, 2018, alleging an inability to work since September 10, 2017, due to a generalized anxiety disorder and chronic obstructive pulmonary disease.  (Tr. 103, 257).  An administrative telephonic hearing was held on August 24, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 45-101).

By written decision dated November 20, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease (DDD), osteoarthritis, history of pseudo-seizures, chronic obstructive pulmonary disease (COPD), anxiety, depression and history of orthostatic hypotension. However, after reviewing all

1

of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (ECF No. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except occasional stooping, crouching, bending, kneeling, crawling, and balancing, and no climbing ropes, ladders, and scaffolding. Ambulation on level surfaces, no agricultural or construction zones. No excessive exposure to dust, smoke, fumes, and other pulmonary irritants. No firearms, unprotected moving machinery, or motor vehicles. Simple, routine, and repetitive with supervision that is simple, direct, and concrete. Occasional interaction with co-workers, supervisors, and public. Limited to tasks at a reasoning level of up to 2, taking up to 30 days to learn.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a screwdriver operator and a sub assembler. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on June 30, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The RFC is inconsistent with the evidence; and 2) The ALJ did not prove at Step Five that there are jobs that Plaintiff can perform. (ECF No. 13). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of treatment providers and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. With respect to the treating and non-examining medical opinions (Mallory Culver, LPC; R. E. Shaw, D.C.; Julie Slavik, APRN; Dr. Tammy Stallings; Dr. Ryan Kaplan; Dr. Ronald Crow; Dr. Brad Williams; Dr. Jon Etienne Mourot; Dr. Lucy Sauer) the ALJ articulated the supportability and consistency of each opinion with the record as a whole and determined the level of persuasiveness. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's

impairments did not preclude her from performing work as a screwdriver operator and a sub assembler. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 10th day of August 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE